IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Pamela Chapman, )<br>      Plaintiff, )<br> )<br>vs. )<br> )<br>Michael J. Astrue, Commissioner, Social )<br>Security Administration, )<br>      Defendant ) | C.A. No.: 8:08-2374-RBH<br><br>**ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

Neither party filed objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an

1

objection.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report and Recommendation and the record in this case, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.  It further appears from the docket that the parties consent to the judgment being vacated. It is therefore

**ORDERED** that the judgment entered on December 11, 2008 is vacated, and the Clerk of Court shall enter a new judgment at this time in favor of the plaintiff.

**IT IS SO ORDERED.**

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
December 16, 2009